IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MATTHEW SHIPMAN AND BRITTANY LAUDA, § § § Plaintiffs, § § vs. § § TRAVELERS PERSONAL INSURANCE COMPANY, § § § Defendant. § | CIVIL ACTION NO. 4:22-cv-00600 JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

Matthew Shipman and Brittany Lauda, Plaintiffs herein, file Plaintiffs' Original Complaint against Travelers Personal Insurance Company, and, in support of their causes of action, Matthew Shipman and Brittany Lauda would respectfully show the Court the following:

## I.
## THE PARTIES

1. Plaintiffs, Matthew Shipman and Brittany Lauda, are individuals residing at 1068 Colony St., Flower Mound, TX 75028, Denton County, Texas, which is their true, fixed and permanent home.

2. Defendant Travelers Personal Insurance Company (hereinafter referred to as "Travelers"), was, and is at the date of this filing, a Connecticut insurer with its principal place of business located at 1 Tower Square, Hartford, Connecticut, 06183. Travelers, therefore, is not a citizen of the state of Texas for diversity purposes. Travelers may be served via certified mail return receipt requested via its registered agent for service in the state of Texas, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

1

## II.
## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this cause of action under 28 U.S.C. § 1332. Plaintiffs' true, fixed and permanent home is in Denton County, Texas. Therefore, Plaintiffs are citizens of Texas. Defendant is incorporated in Connecticut, and has its principal place of business in Connecticut, and is thus a citizen of Connecticut. Therefore, as Plaintiffs are citizens of Texas, and Defendant is a citizen of Connecticut, complete diversity exists. Plaintiffs seek damages in excess of $75,000. Specifically, Plaintiffs seek proceeds from their insurance policy in the amount of $83,640.83, plus attorneys' fees. Further, Plaintiffs allege Defendant knowingly committed the acts complained of herein. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Texas, Sherman Division. The property at issue in this cause is in the Eastern District of Texas, Sherman Division.

## III.
## FACTUAL BACKGROUND

5. Matthew Shipman and Brittany Lauda (collectively, "Shipman" or "Plaintiffs") are the named insureds under a property insurance policy issued by Travelers identified as Policy 016147-605456773-633-1 ("Policy"). The Policy provided coverage for water damage to Shipman's property located at 1068 Colony St., Flower Mound, TX 75028 ("Property") for the term of the Policy during the time of the date of loss of July 9, 2021.

6. On July 9, 2021, a water heater at the Property malfunctioned, discharging gallons upon gallons of water throughout the home. The following photographs depict the extensive damage caused by the leak:













7.      Shipman immediately retained SERVPRO of Flower Mound/Lewisville 8864 ("Servpro") to perform water remediation services at the Property in order to mitigate the damages. Shipman also promptly notified Travelers of the loss. Travelers acknowledged receipt of the claim and commenced its investigation.

8.      Travelers assigned Byron Yanes ("Yanes") to adjust the claim. Yanes presumably inspected the Property, but it is unknown when his inspection took place. On July 14, 2021, Yanes issued correspondence representing the total amount of covered damages was $13,444.32. After application of the deductible and subtracting for depreciation, Yanes represented the claim was worth a paltry $11,506.46.

9.      On July 15, 2021, after performing extensive water remediation services at the Property, Servpro prepared an invoice in the amount of $2,240.21. This invoice included the costs of hauling off the water-damaged debris, removing baseboards, removing flooring, and installing dehumidifiers and air movers throughout the home.

10.      On August 24, 2021, Yanes issued a supplemental payment on behalf of Travelers in the amount of $2,772.65.

11.      Shipman then retained the DFW-based contracting firm, Piney Green Construction, LLC ("Piney Green") to begin performing repairs at the Property. Piney Green prepared a repair estimate, dated September 10, 2021, in the amount of $4,535.53. Piney Green began its repair work on September 21, 2021. On October 7, 2021, after completing the repairs, Piney Green submitted its invoice for $4,685.53.

12.      Shortly thereafter, Shipman filed a supplemental claim with Travelers for additional items identified by Piney Green that warranted coverage but had been ignored by Travelers during Yanes' purported inspection.

13. On November 4, 2021, Yanes submitted an estimate wherein he claimed the total replacement cost value for the water-damaged items amounted to only $18,465.48. Yanes offered nothing to support the basis of this estimate aside from an inexperienced eyeballing of the Property and subsequent lowballing of the damages. Yanes performed no independent investigation and failed to consult with an engineer before reaching his pretextual limitation of coverage.

14. The following day, on November 5, 2021, Yanes issued correspondence attempting to explain his lowball valuation of damages. Yanes advised, "We have approved a supplement for some but not items [*sic*] requested by your contractor of choice as broken down via email and have calculated an additional payment of $2,152.85." Yanes offered zero explanation as to how he was able to discern between the covered versus excluded damages.

15. Dismayed by Travelers' improper denial, Shipman then retained licensed public adjuster Ben Johnson ("Johnson") of Abba Claims Consultants, LLC to begin working with Travelers to reach a satisfactory resolution. Johnson inspected the Property on November 24, 2021, wherein he documented extensive water damages throughout the home. Specifically, Johnson observed water damage in the heater closet, garage, laundry room, kitchen, pantry, living room, master closet, dining room, master bedroom, master bathroom, two guest bedrooms, two guest closets, two guest bathrooms, and the hallway. Ultimately, Johnson determined the damage to the Property warranted replacement cost coverage of **$83,640.83** under the terms of the Policy. Johnson completed his estimate on December 10, 2021. Johnson provided copies of his estimate and photographs to Travelers for review.

16. On January 19, 2022, Yanes slightly revised his November 4, 2021 estimate. This time, Yanes represented the total amount of covered damages from the July 9, 2021 water leak was $19,100.10. Thus, despite having received Johnson's estimate and photographs, which

showed that the Property had sustained significant damages wholly missed by Travelers, Travelers refused to alter its coverage position and, instead, kept its estimation of damages minimal. Travelers' lowball valuation of damages prevented Shipman from fully restoring the Property to its pre-damaged condition.

17. Although Travelers was aware of Shipman's clear and present water damage and the reported damage was covered by the Policy, Travelers decided the claim should be essentially denied without conducting a thorough and reasonable inspection of the damages. Ultimately, Travelers determined that the majority of the damages were not covered under the Policy. After requesting Travelers reconsider its improper investigation and denial, Travelers simply remained steadfast in its denial without conducting any testing and with direct evidence of water damage contradicting its position. Travelers, in denying the claim without conducting a reasonable investigation, did not take any samples, and did not conduct any testing to determine the cause or extent of the water damage.

18. Travelers, along with its personnel, failed to thoroughly review and properly oversee the work of the assigned claims representative and adjuster, ultimately approving an improper adjustment of, and an inadequate and improper denial of Shipman's claim. Travelers misrepresented that the majority of Shipman's damages were not covered, when the losses in fact were clearly covered causes of loss during the Policy's period. Specifically, Travelers represented to Shipman that only a small portion of the damage to the Property was caused by a covered cause of loss within the Policy period without any proper investigation when, in fact, Travelers knew, or with a reasonable investigation should have known, that the cost of repairs to all the damages was a clear covered loss.

19. Together, Travelers and Yanes set out to deny properly covered damages. Because of this unreasonable investigation and failure to provide adequate coverage for the damages sustained, Shipman's claim was improperly adjusted, and they were denied proper payment to repair their Property. To this date, Shipman has yet to receive sufficient payment under the insurance policy.

## IV.
## CAUSES OF ACTION

20. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.  Breach of Contract**

21. Travelers had a contract of insurance with Plaintiffs. Travelers breached the terms of that contract by wrongfully denying the claim, and Plaintiffs were damaged thereby.

**B.  Prompt Payment of Claims Statute**

22. The failure of Travelers to pay for the loss and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

23. Plaintiffs, therefore, in addition to Plaintiffs' claim for damages, are entitled to statutory interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.  Bad Faith/Deceptive Trade Practices Act ("DTPA")**

24. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

25. Defendant violated Section 541.051 of the Texas Insurance Code by:

   (1) making statements misrepresenting the terms and/or benefits of the Policy. As referenced above, Travelers mispresented coverage for water damage to the Property during the Policy period was a covered cause of loss and misrepresented to Shipman the coverage's terms.

26. Defendant violated Section 541.060 by:

    (1) misrepresenting to Plaintiffs a material fact or Policy provision relating to coverage at issue;

    (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3) failing to promptly provide to Plaintiffs a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the insurer's denial of the claim or offer of compromise settlements of the claim;

    (4) failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or submit a reservation of rights to Plaintiffs; and

    (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim. As referenced above, Travelers failed to meet its statutory timelines governed by the Texas Insurance Code, failed to respond to multiple requests for information, failed to disclose information it relied on in its investigation, failed to conduct testing of the damage, and failed to allocate damage occurring during the Policy.

27. Defendant violated Section 541.061 by:

    (1) making an untrue statement of material fact;

    (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made; and

      (3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. As referenced herein, Defendant misrepresented water damage that occurred during the Policy was not a covered loss and failed to provide requested information used to render its claim decision, and claimed the damage was not caused by a covered cause of loss without conducting a reasonable investigation.

28. At all material times hereto, Plaintiffs were consumers who purchased insurance products and services from Defendant.

29. Defendant has violated the Texas DTPA in the following respects:

    (1)    Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

    (2)    Travelers failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed; and

    (3)    Travelers, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Travelers took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid

in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

30. Defendant knowingly committed the acts complained of herein. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.     Breach of the Duty of Good Faith and Fair Dealing**

31. Defendant Travelers' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiffs.

32. Defendant Travelers' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant Travelers knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## V.
## KNOWLEDGE

33. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

**E.     Attorneys' Fees**

34. Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

35. Plaintiffs are entitled to reasonable and necessary attorneys' fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because Plaintiffs are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

36.     Plaintiffs further pray that Plaintiffs be awarded all reasonable attorneys' fees incurred in prosecuting Plaintiffs' causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VI.
## CONDITIONS PRECEDENT

37.     All conditions precedent to Plaintiffs' right to recover have been fully performed or have been waived by Defendant.

## VII.
## PRAYER

38.     WHEREFORE, PREMISES CONSIDERED, Matthew Shipman and Brittany Lauda pray that, upon final hearing of the case, they recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Matthew Shipman and Brittany Lauda be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Matthew Shipman and Brittany Lauda may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Christopher P. Peirce*
Jeffrey T. Embry
Bar Number: 24002052
Margaret C. Pennell
Bar Number: 24046604
Hossley Embry, LLP
515 S. Vine Ave.
Tyler, Texas 75702
Telephone No.  903-526-1772
Telecopier No.  903-526-1773
jeff@hossleyembry.com
meg@hossleyembry.com

AND

Christopher P. Peirce
Bar Number: 24041509
Hossley Embry, LLP
14241 Dallas Pkwy, Suite 240
Dallas, Texas 75254
Telephone No. 214-390-2349
cpeirce@hossleyembry.com

**ATTORNEYS FOR PLAINTIFFS**